**08 CV 3328**
**JUDGE CONNER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDREW BREW,

                                  Plaintiff,

      - against -

BOCHASANWASI SHREE AKSHAR PURUSHOTTAM
SWAMINARAYAN SANSTHA-NORTHEAST,
BAPS NEW YORK, LLC, BAPS SHAYONA, INC., B.A.P.S.
and KIRAN PATEL,

                                  Defendants.
-------------------------------------------------------------------X

Case No.:

**PETITION**
**FOR REMOVAL**

      PETITIONERS, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, BAPS NEW YORK, LLC, BAPS SHAYONA, INC., and KIRAN PATEL, constituting the defendants in the above-entitled action, by their attorneys, Catalano Gallardo & Petropoulos, LLP, allege:

      1.     Petitioner, Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha Northeast is a business organized and existing under and by virtue of the laws of the State of Texas, with its principal place of business being 81 Sutton Lane, Piscataway, NJ 08854. It is unknown to this party the date it was served with plaintiff's Summons and Verified Complaint.

      2.     Petitioner, BAPS New York, LLC, is a business organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business being 81

Sutton Lane, Piscataway, NJ 08854. It is unknown to this party the date it was served with plaintiff's Summons and Verified Complaint.

3. Petitioner, BAPS Shayona, Inc., is a business organized and existing under and by virtue of the laws of the State of Texas, with its principal place of business being 81 Sutton Lane, Piscataway, NJ 08854. It is unknown to this party the date it was served with plaintiff's Summons and Verified Complaint.

4. Petitioner, Kiran Patel is an individual residing in the State of New Jersey, City of Mattawan, County of Monmouth. It is unknown to this party the date it was served with plaintiff's Summons and Verified Complaint.

5. There is no such entity sued herein as B.A.P.S.

6. Plaintiff is a resident of the State of New York, residing at 140 Third Street, Walden, New York, in the County of Orange.

7. This action has been commenced by the above-named plaintiff against petitioners in the Supreme Court of the State of New York, Orange County. This is a civil action, wherein the plaintiff seeks recovery of damage sustained inter alia, as a result of the alleged negligence of the defendants. Damages exceeding the sum of $75,000 are sought by the plaintiff exclusive of interest, costs, and disbursements.

8. Petitioners state that the amount in dispute in this action exceeds the sum of $75,000 exclusive of interests and costs; that this is an action of a civil nature of which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C 1332. It appears from the plaintiff's Summons and Complaint, a copy of which is annexed hereto as Exhibit A, that the plaintiff's claims are subject to removal by reason of the diversity of citizenship of the parties. At the time of the service of the Summons and Complaint, petitioners, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, BAPS NEW YORK, LLC, and BAPS SHAYONA, INC., did and still do business in the State of New Jersey and petitioner, and KIRAN PATEL was and still resides in the State of New Jersey. The plaintiff is upon information and belief and as represented in the Complaint, domiciled in the State of New York within the jurisdiction of the United District Court for the Southern District of New York.

9. Petitioners further allege that the plaintiff's Summons and Complaint was received by the defendants no more than 30 days prior to the date of this petition and that the time has not elapsed within which the defendant is permitted to file this petition for removal of the action to this Court.

7. No prior application has been made for the relief requested herein.

**WHEREFORE**, petitioner prays that this case be removed to the United States District Court of the Southern District of New York.

Dated: Jericho, New York
April 2, 2008

                                  Respectfully submitted,

                                  CATALANO GALLARDO
                                        & PETROPOULOS, LLP

GEOFFREY H. PFORR GHP1221    By: TRACY L. FRANKEL, ESQ. (TLF 3648)
Attorneys for Defendants
Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha-Northeast, BAPS New York, LLC, BAPS Shayona, Inc. and Kiran Patel
100 Jericho Quadrangle, Suite 214
Jericho, New York 11753
(516) 931-1800
Our File No.: 20-703

To:    Edward M. Steves, Esq.
        Finklestein & Partners, LLP
        Attorney(s) for Plaintiff,
        Andrew Brew
        436 Robinson Avenue
        Newburgh, NY 12550
        (845) 562-0203

        Clerk of the Court
        United States District Court
        Southern District of New York
        United States Courthouse
        500 Pearl Street
        New York, NY 10007-1312

Clerk of the Court
Supreme Court
Orange County
285 Main Street
Goshen, NY 10924

FILE #89793-01/seh

DATE OF FILING: 2/19/08
INDEX #: 001658/08

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is:
Plaintiff(s) residence.

Plaintiff resides at:
140 Third Street
Walden, New York
County of Orange.

SUPREME COURT STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
ANDREW BREW,

              Plaintiff(s),

    -against-              SUMMONS

BOCHASANWASI SHREE AKSHAR PURUSHOTTAM
SWAMINARAYAN SANSTHA-NORTHEAST,
BAPS NEW YORK, LLC, BAPS SHAYONA, INC., B.A.P.S.
and KIRAN PATEL,

              Defendant(s).
------------------------------------------------------------------X

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within –20– days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        FINKELSTEIN & PARTNERS, LLP
         Attorneys for Plaintiff(s)
          436 Robinson Avenue
         Newburgh, New York 12550
           1-845-562-0203

Dated: February  , 2008.

DEFENDANT'S ADDRESS:
SEE VERIFIED COMPLAINT

File #89793-01/seh

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ORANGE
------------------------------------x
ANDREW BREW,

                          Plaintiff,

           -against-              VERIFIED COMPLAINT

BOCHASANWASI SHREE AKSHAR PURUSHOTTAM
SWAMINARAYAN SANSTHA-NORTHEAST, BAPS
NEW YORK, LLC, BAPS SHAYONA, INC.,
B.A.P.S. and KIRAN PATEL,

                         Defendants.
------------------------------------x

    Plaintiff, by attorneys, Finkelstein & PARTNERS, LLP, as and for the Verified Complaint, herein alleges the following:

    1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

    2. That at all times hereinafter mentioned, upon information and belief, the defendant, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, was and still is a foreign corporation duly authorized and doing business within the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, was and still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS NEW YORK, LLC, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS NEW YORK, LLC, was and still is a foreign corporation duly authorized and doing business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS NEW YORK, LLC, was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon

information and belief, the defendant, BAPS NEW YORK, LLC, was and still is a limited liability corporation authorized to do business within the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS SHAYONA, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS SHAYONA, INC., was and still is a foreign corporation duly authorized, and doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, BAPS SHAYONA, INC., was and still is a business entity doing business within the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, B.A.P.S., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, B.A.P.S., was and still is a foreign corporation duly authorized and doing business within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, B.A.P.S., was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief the defendant, KIRAN PATEL, was and still is a resident of the County of Middlesex, State of New Jersey.

16. That at all times hereinafter mentioned, upon information and belief, one, Nevele Grande Resort & Country Club, was the owner of a certain resort premises, located on 1 Nevele Road, Ellenville, County of Ulster, State of New York.

17. That at all times hereinafter mentioned, the Fallsview kitchen area, more specifically the area at or near the dishwasher of the aforesaid premises, was the situs of the within incident.

18. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a contract with defendant, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, to rent their facility to host a religious retreat.

19. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a agreement with defendant, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST, to rent their facility to host a religious retreat.

20. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a contract with defendant, BAPS NEW YORK, LLC, to rent their facility to host a religious retreat.

21. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a agreement with defendant, BAPS NEW YORK, LLC, to rent their facility to host a religious retreat.

22. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a contract with defendant, BAPS SHAYONA, INC., to rent their facility to host a religious retreat.

23. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a agreement with defendant,

BAPS SHAYONA, INC., to rent their facility to host a religious retreat.

24. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a contract with defendant, B.A.P.S., to rent their facility to host a religious retreat.

25. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a agreement with defendant, B.A.P.S., to rent their facility to host a religious retreat.

26. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a contract with defendant, KIRAN PATEL, to rent their facility to host a religious retreat.

27. That on a date prior to the 2nd day of August, 2006, upon information and belief, one, Nevele Grande Resort & Country Club, entered into a agreement with defendant, KIRAN PATEL, to rent their facility to host a religious retreat.

28. That on or about the 2nd day of August, 2006, this plaintiff was lawfully upon the aforesaid premises.

29. That on or about the 2nd day of August, 2006, plaintiff, ANDREW BREW, was an agent, servant and/or employee of one, Nevele Grande Resort & Country Club.

30. That on a date prior to the 2nd day of August, 2006, the plaintiff, ANDREW BREW, was acting within the scope of his employment.

31. That at all times hereinafter mentioned, defendants were operating and were in control of the kitchen area of the aforesaid premises.

32. That on or about the 2nd day of August, 2006, the plaintiff, while within the scope of his employment was summoned to the kitchen area of said premises to repair a commercial dishwasher.

33. That on or about the 2nd day of August, 2006, after plaintiff repaired the dishwasher, he was caused to step onto a wok behind him, which was left on the floor of said kitchen, thereby causing him to be precipitated to the floor, thereby, sustaining severe and serious personal injuries.

34. That the aforesaid accident and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees.

35. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous and unsafe conditions to exist on the aforesaid kitchen premises; in allowing, causing and/or permitting a wok to be, become and/or remain on the floor of the aforesaid kitchen premises when the defendant knew or should have known that said condition would create a dangerous and/or hazardous condition to persons walking/working in said area; in leaving a wok on the floor of the kitchen so that it created and posed a tripping hazard for persons such as plaintiff; in failing to operate and control the kitchen premises so that there were no tripping hazards or unreasonably dangerous conditions; in failing to properly remove said wok from the floor of the aforesaid kitchen premises; in failing to properly and adequately maintain, check and inspect said premises; in failing to properly warn persons of the dangerous, hazardous and unsafe condition; in creating a trap; in failing to use that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

36. That the defendants, their agents, servants and/or employees, had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and, further, the defendants, their agents, servants and/or employees created said conditions.

37. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

38. That as a result of this accident, the plaintiff herein was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to

alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

39. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the First Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

Finkelstein & PARTNERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
436 Robinson Avenue
Newburgh, New York 12550

BY: _____
EDWARD M. STEVES, ESQ.

TO: BOCHASANWASI SHREE AKSHAR PURUSHOTTAM
SWAMINARAYAN SANSTHA-NORTHEAST
Defendant
c/o Secretary of State
1 Commerce Plaza
Albany, New York  12231

BAPS NEW YORK, LLC
Defendant
c/o Secretary of State
1 Commerce Plaza
Albany, New York  12231

BAPS SHAYONA, INC.
Defendant
c/o Secretary of State
1 Commerce Plaza
Albany, New York  12231

B.A.P.S.
Defendant
81 Sutton Lane
Piscataway, NJ 08854-5723

KIRAN PATEL
Defendant
2500 Woodbridge Avenue
Edison, NJ 08817

STATE OF NEW YORK    :   COUNTY OF ORANGE         ss:

ANDREW BREW, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
ANDREW BREW

Sworn to before me on
February 25, 2008.

_____
NOTARY PUBLIC

DANA M. BROAS
Notary Public, State Of New York
Qualified in Orange County
Registration # 01BR6092611
Commission Expires May 27, 2011

12