UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF NEW YORK
-------------------------------------------------------------X
ANDREW BREW,                                              Index No.
                                                          08 CV 3328
                        Plaintiff,
            -against-
                                                          **ANSWER**
BOCHASANWASI SHREE AKSHAR PURUSHOTTAM
SWAMINARAYAN SANSTHA-NORTHEAST,
BAPS NEW YORK, LLC, BAPS SHAYONA, INC., B.A.P.S.
and KIRAN PATEL,                                          (SDNY ECF Procedures, 8a)

                        Defendants.
-------------------------------------------------------------X

Defendants, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA-NORTHEAST s/h/a B.A.P.S., BAPS NEW YORK, LLC, BAPS SHAYONA, INC. and KIRAN PATEL, by and through their attorneys, CATALANO GALLARDO & PETROPOULOS, LLP, as and for their Answer to the Verified Complaint, respectfully allege upon information and belief as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Verified Complaint.

2.   Deny each and every allegation contained in Paragraph "2" of the Verified Complaint.

3.   Deny each and every allegation contained in Paragraph "3" of the Verified Complaint except admit that BOCHYASANWASI SHREE AKSHAR PURUSHOTTAM

SWAMINARAYAN SANSTHA-NORTHEAST was and still is a foreign corporation duly organized and existing under and by virtue of the State of Texas, with its principal place of business being 81 Sutton Lane, Piscataway, New Jersey 08854.

4. Deny each and every allegation contained in Paragraph "4" in the form alleged in the Verified Complaint and respectfully refer all questions of law to the Court.

5. Deny each and every allegation contained in Paragraph "5"of the Verified Complaint.

6. Deny each and every allegation contained in paragraph "6" of the Verified Complaint except admit that BAPS, NEW YORK LLC was and still is a foreign limited liability company duly organized and existing under and by virtue of the State of Delaware, with its principal place of business being 81 Sutton Lane, Piscataway, New Jersey 08854.

7. Deny each and every allegation contained in paragraph "7" in the form alleged in the Verified Complaint and respectfully refer all questions of law to the Court.

8. Deny each and every allegation contained in Paragraph "8" of the Verified Complaint except admit that BAPS, NEW YORK LLC was and still is a foreign limited liability company duly organized and existing under and by virtue of the State of Delaware, with its principal place of business being 81 Sutton Lane, Piscataway, New Jersey 08854.

9. Deny each and every allegation contained in Paragraph "9" of the Verified Complaint.

10. Deny each and every allegation contained in Paragraph "10" of the Verified Complaint except admit that BAPS SHAYONA, INC. was and still is a foreign corporation duly organized and existing under and by virtue of the State of Texas, with its principal place of business being 81 Sutton Lane, Piscataway, New Jersey 08854.

11. Deny each and every allegation contained in Paragraph "11" in the form alleged in the Verified Complaint and respectfully refer all questions of law to the Court.

12. Deny each and every allegation contained in Paragraphs "12", "13", "14" and "15" of the Verified Complaint.

13. Deny knowledge sufficient to form a belief as to Paragraphs "16" and "17" of the Verified Complaint.

14. Deny each and every allegation contained in Paragraph "18" of the Verified Complaint.

15. Deny each and every allegation contained in Paragraph "19" of the Verified Complaint except admit that on a date prior to the 2nd day of August, 2006, BOCHASANWASI

SHREE AKSHAR PURUSHOTTAM entered into a rental agreement with Nevele Grand Resort & Country Club.

16. Deny each and every allegation contained in Paragraphs "20", "21", "22", "23", "24", "25", "26" and "27" of the Verified Complaint.

17. Deny knowledge sufficient to form a belief as to every allegation contained in Paragraphs "28", "29", "30", "32" and "33" of the Verified Complaint.

18. Denies each and every allegation contained in Paragraphs "31", "34", "35", "36", "37", "38" and "39" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. If the Plaintiff sustained any personal injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct of the Plaintiff. Should it be found that the Defendants are liable to the Plaintiff herein, any such liability being specifically denied, then the Defendants allege that if any damages are found, they are to be apportioned among the Plaintiff and the Defendants according to the degree of responsibility that each will be found to have in proportion to the entire measure of responsibility pursuant to CPLR §1412.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. If the Plaintiff sustained any personal injuries or damages as alleged in the Verified Complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. In the event Plaintiff has sustained any injuries or damages as alleged in the Verified Complaint, such damages being specifically denied, then such injuries or damages will have been caused as a result of the negligence and/or wrongful conduct of others over whom the answering Defendants have no supervision or control and not as a result of any negligence or wrongful conduct of the answering Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. If it should be found after trial that these answering Defendants are liable to the Plaintiff in the amount of 50% or less of the total liability assigned to all persons liable, the liability of these answering Defendants to the Plaintiff for non-economic loss shall not exceed these answering Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Whatever injuries and/or damages were sustained by the Plaintiff at the time and place alleged herein were the result of the Plaintiff's assumption of risk, in realizing and knowing the hazard and dangers thereof and in assuming all of the risk necessary and incidental to such an undertaking.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. If the Plaintiff should settle the instant action with a party other than the answering Defendants, these Defendants shall be entitled to a setoff as against such settlement pursuant to General Obligations Law §15-108.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Upon information and belief, Defendant KIRAN PATEL is a non-domiciliary of the State of New York and has performed no acts which empower this Court to exercise personal jurisdiction over this Defendant.

**WHEREFORE**, these answering Defendants demand judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated:   Jericho, New York
         April 28, 2008

                                        Yours, etc.,

                                        CATALANO GALLARDO
                                            & PETROPOULOS, LLP


                                By:     _____
                                        TRACY L. FRANKEL, ESQ. (TLF 3648)
                                        Attorneys for Defendants
                                        Bochasanwasi Shree Akshar
                                        Purushottam Swaminarayan
                                        Sanstha-Northeast, BAPS New York,
                                        LLC, BAPS Shayona, Inc. and Kiran Patel
                                        100 Jericho Quadrangle, Suite 214
                                        Jericho, New York 11753
                                        (516) 931-1800
                                        Our File No.: 20-703


To:   Eleanor L. Polimeni, Esq. (EP 8687)
      Finklestein & Partners, LLP
      Attorney(s) for Plaintiff,
      Andrew Brew
      436 Robinson Avenue
      Newburgh, NY 12550
      (800) 634-1212

ANDREW BREW,

        Plaintiff,

– against –

BOCHASANWASI SHREE AKSHAR PURUSHOTTAM, SWAMINARAYAN SANSTHA-NORTHEAST, BAPS NEW YORK, LLC, BAPS SHAYONA, INC., B.A.P.S. and KIRAN PATEL,

        Defendants.

## ANSWER

**CATALANO GALLARDO & PETROPOULOS, LLP**

*Attorney(s) for* BOCHASANWASI SHREE AKSHAR PURUSHOTTAM, SWAMINARAYAN SANSTHA-NORTHEAST, BAPS NEW YORK, LLC, BAPS SHAYONA, INC

*Office and Post Office Address, Telephone*

100 JERICHO QUADRANGLE, SUITE 214
JERICHO, NEW YORK 11753
(516) 931-1800

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                  of which the within is a true copy
will be presented for settlement to the HON.    one of the judges of the
within named Court, at
on                at            M.

Dated,

                              Yours, etc.

**CATALANO GALLARDO & PETROPOULOS, LLP**

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NASSAU    )

      **SUSAN E. HERMANN**, being duly sworn, deposes and says that deponent is over 18 years of age, resides at Hicksville, New York and deponent is not a party to the action.

      That on the 29th day of April, 2008 deponent served the within **ANSWER** upon:

Edward M. Steves, Esq.
Finklestein & Partners, LLP
Attorney(s) for Plaintiff,
Andrew Brew
436 Robinson Avenue
Newburgh, NY 12550
(845) 562-0203

the attorneys for the respective parties in this action, at the above addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, to its last known place of business, in an official depository of the United States Postal Service in New York State.

                                                      */s/ Susan E. Hermann*
                                                        **SUSAN E. HERMANN**

Sworn to before me this
29th day of April, 2008

*/s/ Patricia Nugent*
Notary Public

          PATRICIA NUGENT
   Notary Public, State of New York
        No. 01NU4834857
     Qualified in Suffolk County
Commission Expires September 30, 20 09